UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

WAYNE A. SILVA,                         :
        Plaintiff,                      :
                                        :
v.                                      :    C.A. No. 18-650JJM
                                        :
ROBERT M. FARRELL,                      :
        Defendant.                      :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On December 3, 2018, Plaintiff Wayne A. Silva filed *pro se* a four-page, handwritten complaint suing the Clerk of the United States District Court for the District of Massachusetts, Robert M. Farrell. Accompanying the complaint is a motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, which has been referred to me for determination. Because of the IFP motion, this complaint is subject to screening pursuant to 28 U.S.C. § 1915(e).

This is the second case Plaintiff has filed in the District of Rhode Island in 2018; like the first,[1] the new complaint appears[2] to be based on Plaintiff's ongoing frustration arising from his inability to execute on five "defaults" against defendants obtained in 2014 for amounts exceeding $2 million in an action apparently filed in Massachusetts state court in 2013. Before beginning his filings in this District, Plaintiff filed for the same relief in the District of Massachusetts.[3] This effort was unsuccessful and culminated in the entry of an Order of

---

[1] The first case is Silva v. Thornton, C.A. No. 18-095WES (hereinafter "Thornton/Rhode Island").

[2] Chief Judge Smith found Plaintiff's filings in Thornton/Rhode Island to be "barely comprehensible." E.g., ECF No. 12 at 1 (describing Plaintiff's objection to report and recommendation). The new complaint similarly borders on incoherent. Nevertheless, the Court has read it with the leniency applicable to all *pro se* filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] The Massachusetts case is Silva v. Thornton, C.A. No. 17-12106-FDS (hereinafter "Thornton/Massachusetts").

injunction by Judge F. Dennis Saylor of the Massachusetts District Court prohibiting Plaintiff from filing anything further in the Massachusetts case except for a notice of appeal. Thornton/Massachusetts, ECF No. 7 at 2. According to the instant complaint, ECF No. 1 at 1, and confirmed by the public docket in Thornton/Massachusetts, after the entry of Judge Saylor's Order, Plaintiff twice attempted to file documents in Thornton/Massachusetts, once in February 2018 and once in October 2018. Thornton/Massachusetts, ECF Nos. 8 & 9. In compliance with Judge Saylor's Order, both attempted filings were returned to Plaintiff by the Office of the Clerk. The newest Rhode Island complaint, which names the Massachusetts Clerk of Court, appears to be based, at least in part, on this conduct. Plaintiff alleges that this violates the First Amendment and amounts to racketeering in violation of 18 U.S.C. § 1962. The pleading asserts, "So Farrell Clerk wants me to be desperate, not secure in funds so as to take loss [been 12 years]." ECF No. 1 at 4 (brackets in original).

In Thornton/Rhode Island, Chief Judge Smith adopted my recommendation that that case be dismissed.[4] ECF No. 12. Among other reasons, the Court held that the pleading failed to state a claim, that there was no subject matter jurisdiction under the Rooker-Feldman doctrine[5] to the extent that Plaintiff was seeking to relitigate or reopen a Massachusetts state court case, as well as that venue is not proper in the District of Rhode Island because all parties reside in

---

[4] Between Thornton/Rhode Island and Thornton/Massachusetts, there are several opinions setting out analysis and citing to the relevant authorities. Thornton/Rhode Island, ECF Nos. 4, 12 & 19; Thornton/Massachusetts, ECF Nos. 4 & 7. The reader's familiarity with those opinions is assumed. The analysis and citations will not be repeated here.

[5] Based on District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It applies when a plaintiff explicitly or implicitly seeks review of a state-court judgment. See Federación de Maestros v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24 (1st Cir. 2005).

2

Massachusetts and all events giving rise to the claim occurred in Massachusetts.[6] ECF No. 4 at 2-3. Following dismissal of <u>Thornton</u>/Rhode Island, as he had done in <u>Thornton</u>/Massachusetts, Plaintiff filed a series of repetitive and frivolous motions. In a report and recommendation that issued on August 21, 2018, I recommended that all of them be denied, as well as that the Court enter the same injunction as is already in place in Massachusetts, barring Plaintiff from making further filings in the case (except for a direct appeal) without leave of a judge of this Court. ECF No. 19. That recommendation is currently pending before Chief Judge Smith.

Focusing on the new complaint, I recommend that it be dismissed because it suffers from most of the same issues that doomed <u>Thornton</u>/Rhode Island: the failure to state a coherent claim; the failure to overcome the jurisdictional barrier posed by the <u>Rooker-Feldman</u> doctrine to the extent that Plaintiff is still seeking to relitigate the Massachusetts state court case; and the failure to establish that venue is proper. I also recommend summary dismissal of this case because the pleading suffers from yet another fatal deficit. It is well settled that a clerk of court acting in that capacity is protected by the same judicial immunity from suit that protects judicial officers acting in their judicial capacity. <u>Uzamere v. United States</u>, No. CA 13-505 S, 2013 WL 5781216, at *8 (D.R.I. Oct. 25, 2013), <u>aff'd</u>, No. 13-2454 (1st Cir. 2014) ("Court clerks have absolute quasi-judicial immunity, derivative of their judges' immunity, to the extent that they are alleged to be liable for carrying out the judges' directives."). Here, Plaintiff is suing Clerk Farrell for complying with Judge Saylor's Order barring Plaintiff from filing except for a notice of appeal (which Plaintiff has not attempted to file). Because the Clerk is immune from such a

---

[6] Because <u>Thornton</u>/Rhode Island was a near verbatim copy of the dismissed claim in <u>Thornton</u>/Massachusetts, the Court also relied on *res judicata* as a reason for dismissal. The instant complaint is somewhat different in light of its focus on the refusal of the District of Massachusetts Clerk of Court to accept filings made in disregard of the injunctive order entered by the District Judge Saylor. Therefore, *res judicata* is not applicable to Plaintiff's latest complaint.

3

claim, the complaint should be summarily dismissed. See Funches v. Bucks Cty., 586 F. App'x 864, 868 (3d Cir. 2014) (clerk's office personnel entitled to quasi-judicial immunity following judge's facially valid order not to file documents in a case over which he was presiding).

Based on the foregoing, I recommend that the complaint be summarily dismissed because it fails to state a claim upon which relief can be granted, this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, venue in this Court is improper and the only defendant is immune from suit. Consistent with this recommendation, I further recommend that the IFP motion be denied as moot.

An important coda: Plaintiff has now filed two frivolous complaints in this Court, with the second suffering most of the same deficits as the first, which in turn mirrored a near identical case dismissed in the District of Massachusetts.[7] Based on this conduct, Plaintiff is cautioned that, if he continues to file frivolous new cases seemingly for the purpose of circumventing a court order barring filings in an existing case, the Court may enter a broader order, barring him from filing anything in this Court, except for a notice of appeal, unless he has first obtained leave to do so from a judge of this Court. See Noble v. Am. Nat'l Prop. & Cas. Ins. Co., 297 F. Supp. 3d 998, 1009-16 (D.S.D. 2018); Lundahl v. Nar Inc., 434 F. Supp. 2d 855, 855-61 (D. Idaho 2006) (Tallman, J., sitting by designation). At this point, I do not make that recommendation.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

---

[7] In addition to Thornton/Massachusetts, Plaintiff is subject to an injunction barring further filings in three other Massachusetts cases. Silva v. Mass. Dep't of Transitional Assistance, C.A. No. 13-13087-NMG (D. Mass); Silva v. United States, C.A. No. 07-11133-DPW (D. Mass.); Silva Wayne Anthony v. City of New Bedford, C.A. No. 01-10918-RWZ (D. Mass).

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 11, 2018